Wisconsin
1  70
J 92  428

THOMAS M. KNOX, *Plaintiff in Error*,

*vs.*

JONATHAN E. ARNOLD, *Defendant in Error.*

ERROR TO MILWAUKEE COUNTY COURT.

A motion for a continuance is addressed to the sound discretion of the Court. But this is a legal discretion, and for an abuse of it, error lies.

After a cause has been continued several times on the application of a party, it is not an abuse of the power or discretion of the Court, on application of the party for a further continuance, to impose, as terms, the payment of $10, as attorney's fees, to the opposite party.

This case is fully stated in the opinion of the court. The errors assigned are :

1. The court below erred in ordering the defendant below to pay ten dollars, attorney's fees, to the plaintiff, as a condition of the continuance of said cause at the December term, 1852, of the County Court.

2. The court below erred in not continuing said cause, and in proceeding to try the same at the December term, 1852, of said County Court.

3. The court below erred in rendering judgment against the defendant below.

*J. Downer*, for the plaintiff in error.

1st. If the continuance of a cause be refused when a party is legally entitled to it, the judgment will be reversed. *Vanclaricum vs. Ward*, 1 *Blackf. Rep.*, 50 ; *Fuller vs. State*, 1 *id.*, 64 ; *Nixon vs. Brown*, 3 *id.*, 504 ; *Hook vs. Naumy*, 4 *H. & M.*, 156. Note, *Riggs vs. Fenton*, 3 *Mis.* 28, *id.*, 359 ; *Smith vs. Snoddy*, 2 *Marsh*, 282 ; 4 *Mumf.*, 547. In Massachusetts, if a party is aggrieved by the refusal of the Common Pleas to grant him a continuance, the Supreme Court

gives him a remedy, on a petition for review. *Reynard vs. Brecknell*, 4 *Pick.* 302. In New York and New Jersey, the Supreme Court interferes in such a case on a motion for a new trial. *Peop. vs. Vermilye*, 7 *Cow*, 369; *Ogden vs. Rague*, 5 *Cow*, 15; *Ogden vs. Gibbons*, 2 *South.*, 518. It appears, as far as we have been able to ascertain, that in all the State Courts there is a remedy, by writ of error or otherwise, for an improper refusal to grant a continuance. The United States Courts alone hold, that the granting or refusing a continuance of a cause, is discretionary with the court, and that no abuse of such discretion can be corrected by the Supreme Court. The reason for the doctrine for which we contend is briefly stated in the case of Vanclaricum vs. Ward, 1 Black, 50. The court say : " We consider a motion for a continuance, as an application to the sound legal discretion of the court, over which, if improperly used, a Superior Court will exercise a control. The rules and practice of courts are now so well settled that we are not left to vague uncertainty in this, more than in other principles of common law. There are many cases in which a party may, by the unexpected absence of a witness, be placed in such a situation, that without a continuance, he cannot obtain his right ; and, to refuse a continuance in such a case, is tantamount to a refusal of justice. The cases in the United States' Courts, place a motion for a continuance on the same footing as a motion for a new trial; and perhaps there is no reason for a distinction. But this court has decided, that a refusal to grant a new trial may be assigned for error ; and for the same reason, a refusal to grant a continuance in a proper case, should be regarded as error also.

2d. A proper case for a continuance was made out in the court below, by Knox. The materiality of the testimony of Hughes, and the moral certainty of obtaining the same, were clearly set forth. Also, due diligence—the utmost possible diligence, unless he had gone, in person, to California. Knox wrote, and as soon as he got information, he filed interrogatories, and immediately after the expiration of the ten days required by the rule for cross-interrogatories had expired, took out and forwarded a commission, which had been, at the time of the trial of the cause, seven weeks on its way to California.

3d. Had the County Judge a right, under the circumstances of this case, to order the defendant below to pay ten dollars, attorney's fees, in addition to the costs of the term, as a condition precedent to the continuance? If he had then this writ of error is improperly brought. If he had not, then we think the judgment should be reversed. We are not aware of any practice or law authorizing such an order. If the court could rightfully order ten dollars to be paid, why not a hundred? Where is the limit? The order strikes us as an outrage on the rights of the defendant below; though, perhaps the mantle of charity might be thrown over it, as one of those luxuries of power in which men " clothed in a little brief authority," sometimes indulge.

*C. A. Hamilton*, for the defendant in error, submitted no argument.

*By the Court*, SMITH, J. This cause was brought by the defendant in error against the plaintiff in error, to the June Term, 1852, of the County Court of Milwaukee county. Declaration was filed on the 6th day

of June, counting for work and labor, and services rendered, as attorney and solicitor. The bill of particulars filed by the plaintiff below, contained sundry items, and among them one item of $35, for drawing the answer of one John Hughes, in a certain suit in Chancery, in which the said Hughes and the defendant below were parties defendant. To this declaration the defendant below pleaded the general issue.

At the July Term of said court, the defendant below filed his affidavit, stating that he had a defence to the action to the amount of $50 paid, and to the charge made for drawing the answer of Hughes ; that said Hughes was a material witness, &c., and had gone to California; and praying a continuance for four months, to enable him to procure the testimony of the witness named. The cause was continued three months. (The terms of the County Court for Milwaukee County are held on the first Monday of every month, when the Circuit Court is not in session.)

On the 9th day of November, 1852, the defendant below applied for a further continuance, based upon another affidavit, setting forth the same facts as in the former affidavit, and stating further, that he had written to said Hughes since he went to California, and had received a letter from said Hughes, in answer, on the 11th of October, 1852, by which he learned that said Hughes was in San Francisco ; that on the 13th day of October, he filed interrogatories in this cause to take his testimony ; and on the 27th day of October, directed to Philip W. Shepard, of San Francisco, Cal., a commission, in due form, to take the deposition of Hughes, and that he expected he should obtain the deposition of said Hughes in about three months ; and that he could prove by no other witness the facts

which he expected to prove by said Hughes, which were alleged to be, "that he, said Hughes, himself undertook and promised said Arnold to pay him for drawing his answer, and for services in defending said Hughes in Chancery." The cause was not reached at the November Term. At the December Term, the defendant below again moved the court for a further continuance, basing his application upon the affidavit filed by him at the November Term. The court, considering the number of terms through which the suit had passed, and that the defendant had not used due diligence, ordered that a continuance be granted on condition that the defendant pay to the plaintiff ten dollars, attorney's fee, in addition to the ordinary costs of the term. The defendant offered to pay the costs of the term, but refused to pay the ten dollars imposed by the court as terms of the continuance. The court refused to continue the cause except upon the terms first imposed, and when it was reached in its order, a trial was had, and verdict for the plaintiff below, and judgment thereon followed. Exception was taken to the ruling of the court upon the motion for continuance, which having been duly signed and made part of the record, presents the same for the consideration of this court.

There is no doubt but motions for continuance, like motions for new trial, are addressed to the sound discretion of the court. But this is a legal discretion, to be guided by rules which have become well established and familiarly known. Important, nay, frequently, the entire rights of a party may be involved in a motion for a continuance, and there can be no doubt that a denial of his legal right in this respect, should be as capable of redress as in any other proceeding in the

progress or trial of a cause. Yet from the peculiar <span>JUNE TERM, 1853.</span> character of motions of this kind, very much must be left to the sound discretion of the court to whom the <span>Knox vs. Arnold.</span> application is made. That court is familiar with the suit through all the stages it has passed, knows all the circumstances attending it, and in general, is much more competent to judge of the propriety of granting or denying the motion, than a court of review can be. Cases may arise, however, in which the discretion addressed may be so glaringly abused, as to outrage justice and imperatively demand correction.

It is of little moment by what mode an error of this kind is made subject to review; whether by petition, motion for new trial, bill of exceptions and writ of error, or any other manner most conformable to the organization and practice of the respective courts. The mode adopted here is sufficiently convenient, and we see no objection to the manner in which the question is presented.

Did the County Court err in imposing the terms which it did upon the defendant's application for the continuance of his cause? And if so, was it such an abuse of judicial discretion as to call for the interference of this court?

The cause was commenced at the June Term. At the July Term, a continuance of three months was granted. No October Term was held. November Term, it was not reached; and at December Term, application was made for three months further delay. A period of six months had elapsed, during all which time the defendant was aware of the importance of Hughes' testimony. He first asked for three months, and obtained it. At the end of that time, it was ne-

cessary for the plaintiff to attend again, with his attorney. So at the November and December Terms, each. How often, then, may a party compel his adversary to attend the respective terms to which he procures his cause to be continued, without any compensation? The continuances already obtained by the defendant, had caused the plaintiff the expense of several attendances by his attorney, and it would seem no more than just, that, as the continuances moved by him were for his benefit and to the plaintiff's prejudice, some compensation, by way of terms, might justly be imposed. And these, and similar considerations, might well be weighed by the court, in the exercise of its discretion.

Were the terms imposed an abuse of discretion? It is apparent that the sum is far from extravagant, and would not go far towards paying a plaintiff's ordinary expenses for the services of his attorney.

But, it is said that, if this imposition of terms be allowed, there is no limit. It may reach fifty or a hundred dollars. Whenever such sum is awarded, as is clearly disproportioned to the case, the occasion or the circumstances, or when any sum is arbitrarily imposed to the manifest perversion of justice, there will appear such a clear abuse of the discretion of the court as will justify exception, and sustain a writ of error.

In this case we do not perceive any injustice, any excess of power, nor any abuse of discretion, and it is only in cases in which there is a clear and manifest abuse of the discretion with which an inferior court is invested, that this court will feel called upon to interfere.

The judgment of the County Court is affirmed, with costs.